

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2009

# USA v. Edwin Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Edwin Rodriguez" (2009). *2009 Decisions.* Paper 1357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-171                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4884
_____

UNITED STATES OF AMERICA

v.

EDWIN RODRIGUEZ,
also known as Cutin,

Edwin Rodriguez,
                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-00192-10)
District Judge:  Honorable Bruce W. Kauffman

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 30, 2009
Before:  RENDELL, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed May 15, 2009)
_____

OPINION
_____

PER CURIAM

        Appellant Edwin Rodriguez appeals from an order of the District Court that

dismissed his application for re-sentencing as an improper second or successive habeas

action. For the reasons that follow, we will construe Rodriguez's notice of appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1), and deny that request.

On November 20, 1996, Appellant Edwin Rodriguez was sentenced in federal district court to a term of 360 months of imprisonment following his conviction on one count of conspiracy to distribute cocaine.[1] We affirmed Rodriguez's conviction and sentence on direct appeal, see United States v. Rodriguez, 168 F.3d 480 (Table) (3d Cir. 1998), and the Supreme Court denied certiorari. In November 1999, Rodriguez filed a collateral attack pursuant to 28 U.S.C. § 2255. After an evidentiary hearing, the District Court denied the motion on the merits. Rodriguez timely appealed, and we declined to issue a certificate of appealability ("COA"). See United States v. Rodriguez, No. 01-3908 (3d Cir. Nov. 22, 2002).

In May 2003, Rodriguez filed in the District Court a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration of the District Court's denial of his § 2255 motion. The District Court denied the motion. On appeal, we construed Rodriguez's Rule 60(b) motion as a second or successive § 2255 motion, and, following a limited remand, denied Rodriguez's request for a COA. See United States v. Rodriguez, No. 03-2987 (3d Cir. June 10, 2004). We also denied his subsequent application to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.

---

[1] Rodriguez was sentenced as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1.

See In re Rodriguez, No. 04-4340 (3d Cir. Jan. 5, 2005).

On June 12, 2008, Rodriguez filed in the District Court a "consolidated motion for, and brief in support of: petitioner's resentencing pursuant to 18 U.S.C. §§ 3582(c)(2), 3553(a)(1), (6), 3661 and United States v. Booker case law," which is the subject of the instant appeal. In that application, Rodriguez urged the District Court to re-sentence him in light of Booker, and through the mechanism of 18 U.S.C. § 3582(c). He also challenged his sentence enhancement as a career offender, and argued that his overall sentence is excessive compared to, as he characterizes them, his more culpable co-conspirators. By order dated October 22, 2008, the District Court construed Rodriguez's application as an improper second or successive § 2255 motion, and dismissed it on that ground. This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Furthermore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals. See 28 U.S.C. § 2255(h).

Rodriguez is presumably familiar by now with the proper procedures for collaterally attacking his conviction and sentence. As noted above, Rodriguez has already filed one § 2255 motion, and a § 2244 petition as well. Like the District Court, we too

3

construe Rodriguez's application as one seeking habeas relief. The instant application is undoubtedly an attack on the validity of Rodriguez's sentence, and there is no apparent reason why a § 2255 motion would be "inadequate or ineffective" in advancing his claims.[2] Therefore, because Rodriguez has failed to comply with AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion, we will construe Rodriguez's notice of appeal as a request for a certificate of appealability, and deny that request. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

---

[2] As the District Court acknowledged in its order, the proper avenue for seeking a reduction in sentence based on the retroactive application of a Sentencing Guidelines amendment is the filing of a motion pursuant to 18 U.S.C. § 3582(c)(2) with the sentencing court. To the extent that Rodriguez attempted to do so below, Rodriguez has failed to identify any retroactive amendment applicable to his case.